**Emery O. JOHNSON, Petitioner,**

v.

**SHARPSTOWN STATE BANK et al., Respondents.**

No. B–4481.

Supreme Court of Texas.

March 27, 1974.

Biggers, Baker, Lloyd, Stephenson, Biggers & Beasley, John C. Biggers and B. V. McDermott, Dallas, for petitioner.

Strasburger, Price, Kelton, Martin & Unis, Royal H. Brin, Jr., and Frank L. Skillern, Jr., Dallas, Morton L. Susman and Jerry G. Hill, Chamberlain, Hrdlicka, White & Waters, George A. Hrdlicka, Houston, for respondent.

PER CURIAM.

Plaintiff, Emery O. Johnson, sued the Defendants, Sharpstown State Bank, et al., a state bank in liquidation, seeking to have a note to said bank declared void. The suit was filed in Dallas County. The bank is domiciled in Harris County. Upon the bank's plea of privilege and in accordance with Article 342–801 et seq., V.A.C.S.[1], the trial court in Dallas County transferred the cause to the District Court of Harris County. Emery O. Johnson appealed to the Court of Civil Appeals on points of error dealing with venue. The Court of Civil Appeals dismissed the cause, reasoning that Article 342–801 et seq. provided exclusive jurisdiction in Harris County. Tex. Civ.App., 503 S.W.2d 667.

 An order sustaining or overruling a plea of privilege is interlocutory. It is appealable only by virtue of Article 2008. The Court of Civil Appeals had jurisdiction to consider only the questions concerning venue. Its dismissal of the cause conflicts with Article 2008 and Texas State Board of Examiners in Optometry v. Carp, 162 Tex. 1, 343 S.W.2d 242 (1961).

Pursuant to Rule 483, Texas Rules of Civil Procedure, upon granting the application for writ of error and without hearing argument in the case, we reverse the judgment of the Court of Civil Appeals and affirm the judgment of trial court transferring the cause to the 152nd Judicial District Court of Harris County.

1. References are to Vernon's Annotated Civil Statutes.