Leslie Gale FRENCH, Appellant,

v.

Hon. Frances HARRIS, Appellee.

No. 05–83–00804–CV.

Court of Appeals of Texas,
Dallas.

Aug. 30, 1983.

Moreland Griffith Smith Jr., Dallas, for appellant.

Before GUITTARD, C.J., and STEPHENS and ALLEN, JJ.

STEPHENS, Justice.

In his petition for writ of mandamus, Leslie Gale French challenges the authority of a district court to transfer a contempt motion filed in a pre-1974 divorce to another court. He contends that the Family Code restricts the trial court's right to transfer contempt matters in pre-1974 cases to those cases pending on January 1, 1974. We disagree, and consequently, we deny the application for writ of mandamus.

The petitioner seeks an order of this court directing the judge of the 302nd Judicial District Court of Dallas County, Texas, to proceed to trial on a contempt motion filed in a divorce action where judgment was rendered prior to the enactment of the Family Code on January 1, 1974. The contempt motion, together with a motion to modify, was filed by the wife. Subsequent to its filing, but before hearing, the wife filed a motion to transfer the cause to Moore County, Texas, under the authority of the 1974 enactment. The cause was transferred. The husband is now a resident of Tarrant County, and the mother and children are residents of Moore County.

The husband contends that the trial court had no power to transfer the contempt aspect of the case, arguing that the 1974 Family Code's silence as to the transfer of contempt matters in pre-1974 cases was tantamount to denial of its right of transfer, and thus continuing exclusive jurisdiction of contempt was vested in the court

rendering the original divorce judgment. *Ex parte Gonzalez,* 111 Tex. 399, 238 S.W. 635 (1922); *Livingston v. Nealy,* 382 S.W.2d 511 (Tex.Civ.App.—Corpus Christi 1964, writ ref'd n.r.e.). We disagree with this contention.

The preamble to Title 2 of the Family Code states:

"(a) This Act takes effect on January 1, 1974, and governs all proceedings, orders, judgments, and decrees in suits and actions brought after it takes effect, and also all further proceedings in actions then pending ...

"(b) Any action or suit commenced after January 1, 1974, that has as its object the modification of an order, judgment, or decree entered prior to January 1, 1974, but which under this Act would be a suit affecting the parent-child relationship, is governed by the provisions of this Act, and shall be treated as the commencement of a suit affecting the parent-child relationship in which no court has continuing exclusive jurisdiction."

Section 11.06 grants a trial court the power to transfer a suit affecting the parent-child relationship upon timely motion of any party, coupled with a showing that venue is proper in another county or that a suit for dissolution of marriage has been filed in another court. Furthermore, it gives the trial court the power to deny the motion if it be shown that the child has lived in the other county for a period of less than 6 months. Additionally, the court is granted the power to transfer the case for the convenience of the parties and witnesses and in the interest of justice. After such transfer is made, the transferee court becomes the court of continuing jurisdiction, as if all proceedings were brought there originally. This section has been amended to expressly provide that the transferee court is empowered to enforce the judgments of the transferring court by contempt, or by any other means by which the transferring court could have enforced them.

A contempt action brought for the purpose of enforcing a support order has been held to be a suit affecting the parent-child relationship. *Chandler v. Mierendorf,* 590 S.W.2d 593 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ). Consequently, this action for contempt, having been filed after the 1974 Act, is to be treated as the commencement of a suit affecting the parent-child relationship, and is subject to all of the provisions of the Act.

The Supreme Court, in *Ex parte Barnett,* 600 S.W.2d 252, 254 (Tex.1980), recognized that the legislature by enacting these provisions had determined that the decision of all controversies affecting the welfare of children should be confined to a single court. *See Curtis v. Gibbs,* 511 S.W.2d 263, 266 (Tex.1974). It was pointed out in *Barnett* how unreasonable it would be to expect the transferring court to hear contempt matters once the papers in the case had been transferred to another court, as well as how unreasonable it would be for the transferee court to be required to hold another hearing on the matter, and enter its order, before that order could be enforced by contempt for a party's failure to obey it. Furthermore, it would be equally absurd to deny the transferee court the power to hear a contempt matter pertaining to enforcement of a judgment rendered before 1974, when power is expressly granted that same court to hear a contempt matter to enforce the judgment of the transferring court rendered after 1974.

Finally, the husband argues that although he filed a controverting affidavit, in accordance with Section 11.06(h), he was denied a hearing, and thus the order of transfer is void. From the record it appears that he did in fact file a controverting affidavit, and through some inadvertence the trial court transferred the case without a hearing as provided by the statute. Although this action may have been erroneous, it does not avoid the transfer. Section 11.06(i) provides that only evidence pertaining to venue shall be taken at the hearing, and that an order transferring or refusing to transfer the proceeding is not subject to interlocutory appeal. Nevertheless, such an order is final with respect to venue. Conse-

quently, as in the case of an order of transfer after sustaining a plea of privilege, the trial court has no power to set it aside more than thirty days after it is signed. *See Wichita Falls & S.R.R. v. McDonald,* 141 Tex. 555, 174 S.W.2d 951, 952–53 (1943); *Preissman v. Allied Bank,* 525 S.W.2d 265, 267 (Tex.Civ.App.—San Antonio 1975, no writ). Since the trial court has no power to set its order aside, this court cannot properly by writ of mandamus, require it to do so and then proceed to hear the contempt motion.

Writ denied.