ORION ENTERPRISES, INC. d/b/a Orion Food Systems, Inc., Todd Edward Peterson, and StarTran, Inc., Relators,

v.

Honorable John A. POPE, III, Respondent.

No. 04–96–00225–CV.

Court of Appeals of Texas, San Antonio.

June 26, 1996.

Stephen L. Dittlinger, Mark R. Strandmo, Brock & Person, P.C., San Antonio, Charles Willette, Jr., Hugh P. Touchy, Willette & Aguilar, Brownsville, Arthur L. Walker, Jr., Jeremy P. Levine, Walker, Bright & Whittenton, P.C., Austin, for Appellant.

James B. Ragan, Law Offices James B. Ragan, P.C., Corpus Christi, Jay Harvey, Steve Gibbins, Gibbins, Winckler & Harvey, L.L.P., Austin, for Appellee.

Before LOPEZ, HARDBERGER and DUNCAN, JJ.

DUNCAN, Justice.

Orion Enterprises seeks a writ of mandamus ordering Judge John A. Pope III to exercise his jurisdiction to reconsider another court's order denying motions to transfer venue. For the reasons discussed below, we conditionally grant the writ.

### FACTS

On August 3, 1995, Rebecca Molina, individually and as representative of the estate of Robert Molina, Sr.; Robert Molina, Jr.; Mario Molina; and Michelle Molina filed suit in Starr County against Todd Edward Peterson; Peterson's employer, Orion Enterprises, Inc.; StarTran, Inc.; and Ford Motor Company for wrongful death and product liability claims arising out of a car accident in Travis County.

In pleading the venue facts, the Molinas alleged that they and Peterson were residents of Travis County, StarTran is a Texas corporation with a registered agent in Travis County, and the remaining corporate defendants are foreign corporations with registered agents in Texas. The Molinas did not allege either that one of the corporate defendants maintained its principal place of business in Starr County or that venue was otherwise proper. All of the defendants filed motions to transfer venue alleging that venue was neither mandatory nor permissive in Starr County and seeking a transfer to Travis County. The Molinas responded that venue was permissive in Starr County because Ford maintains a retail dealership there, and this dealership acts as its agent and representative. *See* Act of June 17, 1983, 68th Leg., ch. 322, § 3(g), 1983 Tex. Gen. Laws 2119, 2123 (codified, prior to repeal, at section 15.037 of the Texas Civil Practice and Remedies Code).

The case was assigned to the 229th Judicial District Court, Judge Ricardo H. Garcia presiding, and it was before him that the venue motions were originally set for hearing on November 29, 1995. However, at the request of the Molinas' attorney and with the agreement of all other parties, the hearing date was reset first to January 8 and later to January 29, 1996. By this time, the case had been transferred for purely administrative reasons to the newly-created 381st Judicial District Court, Judge John A. Pope III presiding. *See* TEX. GOV'T CODE § 24.303 (Vernon Supp.1996) (creating the 381st Judicial District Court); *see also* TEX. GOV'T CODE

§ 24.303(a) (Vernon 1986) (transfer of cases between district courts within same county). Accordingly, when the district clerk confirmed the January 29 setting by letter dated January 22, 1996, she also confirmed that the venue motions were assigned to the 381st Judicial District Court.

At the hearing on January 29, Judge Pope announced—to the surprise of all assembled—that Judge Garcia had denied the venue motions by a signed, written order dated January 8. Immediately thereafter, the defendants requested reconsideration. Judge Pope set the reconsideration hearing for February 9. Again at the request of the Molinas' attorneys and with the agreement of all other parties, the reconsideration hearing was reset for February 22, 1996.

At the reconsideration hearing on February 22, the Molinas opposed reconsideration on the ground that an affidavit by Judge Garcia, file-stamped just two days before the hearing, established that the venue motions were not removed from his January 8 docket; therefore, he decided them on the merits based upon the briefs and proof previously submitted. Judge Pope overruled the defendants' written objection to Judge Garcia's affidavit and denied reconsideration. However, Judge Pope stated on the record that "if it was wasn't for that affidavit I would rule and grant it and ... set aside the order." In line with his stated reluctance to deny the motion, Judge Pope also told the defendants that "[i]f you want to get a mandamus or order to set it aside, well, go at it. I cannot based on Judge Garcia's affidavit." In Judge Pope's view, he was simply "locked in" by Judge Garcia's affidavit. Judge Pope's order denying the motion for reconsideration further reflects this sentiment:

> After having considered the Motion made by the Defendants and the Affidavit of the Honorable Judge Garcia, as well as the arguments of counsel, the Court found that the Affidavit of Judge Garcia was determinative of the issue. THEREFORE, the Court was required to DENY Defendants' Joint Motion for Reconsideration. . . .

Peterson, Orion, and StarTran accepted Judge Pope's invitation and filed this original proceeding seeking a writ of mandamus ordering him to vacate his denial of the motion for reconsideration and to reconsider the motions to transfer venue on the merits.

## STANDARD OF REVIEW

■ A writ of mandamus will issue when the mandamus record establishes a clear abuse of discretion and the absence of an adequate remedy at law. *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex.1992, orig.proceeding). In the context of factual matters, an abuse of discretion is shown only if, on the evidence before it, the trial court could reasonably have reached only one decision. *Walker*, 827 S.W.2d at 839–40. However, "a trial court has no 'discretion' in determining what the law is or applying the law to the facts." *Id.* at 840. Accordingly, "a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion, and may result in appellate reversal by extraordinary writ." *Id.*

## DISCUSSION
### *Necessity of a Hearing Under Rule 87(1) and the Requirement of Notice*

The defendants first argue that their venue motions were not "heard," because they were denied an oral hearing. We disagree.

■ Rule 87(1) provides that "[e]xcept on leave of court each party is entitled to at least 45 days notice of a hearing on the motion to transfer." Tex.R. Civ. P. 87(1). However, "[u]nless required by the express language or the context of the particular rule, ..., the term 'hearing' does not necessarily contemplate either a personal appearance before the court or an oral presentation to the court." *Gulf Coast Inv. Corp. v. Nasa 1 Business Center*, 754 S.W.2d 152, 153 (Tex. 1988). Nothing in Rule 87 indicates that an oral hearing is required on a motion to transfer venue. To the contrary, as the Molinas point out, Rule 87 appears to contemplate the possibility of a hearing by written submission. *See* Tex. R. 87(3)(b) ("The court shall determine the motion to transfer venue on the basis of the pleadings, any stipulations made by and between the parties and such affidavits and attachments as may be filed by the parties in accordance with the preceding

subdivision of this paragraph 3 or of Rule 88."); Tex. Civ. Prac. & Rem.Code § 15.064(a) (Vernon 1986).

However, we need not and do not decide at this time whether Rule 87 requires an oral hearing on a motion to transfer. No one had notice that the defendants' motions to transfer would be heard and decided by Judge Garcia on January 8 without an oral hearing. Rather, the parties agreed to reset the oral venue hearing for January 29 and received confirmation of this hearing date from the district clerk. Under these circumstances, the defendants did not receive the notice required by Rule 87(1). *Cf. Henderson v. O'Neill,* 797 S.W.2d 905 (Tex. 1990, orig.proceeding) (per curiam).

The Molinas distinguish *Henderson* by the fact that the defendants received more than forty-five days notice of the first setting of the venue matter on November 29, 1995. We believe this distinction is immaterial; the fact remains that the defendants never received notice that their venue motions would be heard by Judge Garcia on January 8 without the oral hearing that had been requested by the defendants and granted, scheduled, and confirmed by the district clerk. In the analogous summary judgment context, for instance, several courts have held that when the required twenty-one day notice is given of the initial hearing date, notice of the reset hearing must only be reasonable.[1] But this relaxation of the notice rule does not permit the trial court to dispose of the motion without a hearing or any notice whatsoever when the initial hearing date is passed by agreement. *Courtney v. Gelber,* 905 S.W.2d 33, 34 (Tex.App.—Houston [1st Dist.] 1995, no writ). We believe a similar rule to be applicable in the venue context. Even more importantly, however, the precise issue before us is not the propriety of Judge Garcia's order but whether Judge Pope may reconsider it.

### *Judge Pope's Jurisdiction and Authority to Reconsider Judge Garcia's Venue Ruling*

The thrust of the defendants' arguments in the trial court and now in this mandamus proceeding is that Judge Pope had and has both the jurisdiction and authority to reconsider Judge Garcia's ruling. We agree.

A trial court has plenary power over, and therefore the jurisdiction and authority to reconsider, not only its judgment but also its interlocutory orders until thirty days after the date a final judgment is signed or, if a motion for new trial or its equivalent is filed, until thirty days after the motion is overruled by signed, written order or operation of law, whichever first occurs. *Fruehauf Corp. v. Carrillo,* 848 S.W.2d 83, 84 (Tex. 1993); *Bollard v. Berchelmann,* 921 S.W.2d 861, 863–64 (Tex.App.—San Antonio 1996, orig. proceeding); *see* Tex.R. Civ. P. 329(b). "Plenary power" is "that which is '[f]ull, entire, complete, absolute, perfect, unqualified.'" *Mesa Agro v. R.C. Dove & Sons,* 584 S.W.2d 506, 508 (Tex.Civ.App.—El Paso 1979, writ ref'd n.r.e.) (quoting Black's Law Dictionary 1313 (4th ed. rev. 1968)). Under these general rules, it is plain that Judge Pope could reconsider Judge Garcia's prior venue ruling at any time within his plenary power. *See, e.g., HCA Health Serv. of Texas, Inc. v. Salinas,* 838 S.W.2d 246, 248 (Tex. 1992); *cf. Velez v. DeLara,* 905 S.W.2d 43, 45 (Tex.App.—San Antonio 1995, no writ) (trial court may reconsider sanctions order until judgment becomes final).

The Molinas argue, however, that Judge Pope was without jurisdiction to reconsider Judge Garcia's venue ruling, because the trial court's plenary power over the venue issue expired and the January 8 order became final on February 7, 1996—before the hearing on the defendants' motions for reconsideration. We disagree. When a trial court *grants* a motion to transfer venue, the order is interlocutory as to the parties but

---

1. *Birdwell v. Texins Credit Union,* 843 S.W.2d 246, 250 (Tex.App.—Texarkana 1992, no writ) (citing *Brown v. Capital Bank, N.A.,* 703 S.W.2d 231, 233 (Tex.App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.)); *International Ins. Co. v. Her-* *man G. West, Inc.,* 649 S.W.2d 824, 825 (Tex. App.—Fort Worth 1983, no writ) (citing *Thurman v. Fatherree,* 325 S.W.2d 183 (Tex.Civ. App.—San Antonio 1959, writ dism'd)).

final as to the transferring court; accordingly, the transferring court's plenary power over its order expires thirty days after it is signed. *HCA Health Serv.*, 838 S.W.2d at 248; *U.S. Resources, Inc. v. Placke*, 682 S.W.2d 403, 405 (Tex.App.—Austin 1984, orig. proceeding). But when the trial court *denies* a motion to transfer, the order is interlocutory both with respect to the parties and with respect to the trial court until a final judgment is rendered. *Cf. HCA Health Services*, 838 S.W.2d at 248; Tex.R. Civ. P. 329b. Therefore, like any other order, an order denying a motion to transfer may be reconsidered at any time within the period of the trial court's plenary power. *Cf. Fruehauf*, 848 S.W.2d at 84; *Velez*, 905 S.W.2d at 45.

The Molinas insist, however, that the plenary power limitation followed in *HCA Health Services* "applies whether the motion to transfer is granted or denied," citing *Wichita Falls & S.R. Co. v. McDonald*, 141 Tex. 555, 174 S.W.2d 951, 952–53 (1943). Again, we disagree. *McDonald* is wholly inapposite on the facts presented here, because it was decided under the old plea of privilege statute, under which venue determinations, while interlocutory, were made immediately appealable by statute. *Johnson v. Sharpstown State Bank*, 508 S.W.2d 73, 73 (Tex.1974). Under the venue statute applicable in this case, on the other hand, interlocutory venue determinations are not appealable until they are made final by merger into the final judgment. Tex. Civ. Prac. & Rem.Code § 15.064(a) (Vernon 1986); *see also* Tex.R. Civ. P. 87(6). Similarly distinguishable are *French v. Harris*, 658 S.W.2d 690 (Tex. App.—Dallas 1983, no writ), and *Fassy v. Kenyon*, 675 S.W.2d 217 (Tex.App.—Houston [1st Dist.] 1984, orig. proceeding), upon which the Molinas also rely. *See French*, 658 S.W.2d at 691–92 (transfer order pursuant to section 11.06 of Family Code final "as in the case of an order of transfer after sustaining a plea of privilege," such that "the trial court has no power to set it aside more than thirty days after it is signed"); *Fassy*, 675 S.W.2d at 219 (transfer order under section 11.06 of Family Code "is final as to the transferring court once he loses plenary power over the order").

The Molinas also argue that reconsideration is precluded by Rule 87(5), which provides that "[i]f venue is sustained as against a motion to transfer, ... then no further motions to transfer shall be considered" except in certain situations not applicable here. The Molinas are incorrect. As explained by the supreme court, Rule 87(5) precludes further motions to transfer; it does not preclude reconsideration of the "first and only motion to transfer scheduled for hearing ...." *HCA Health Services*, 838 S.W.2d at 248.

Finally, the Molinas argue that Judge Pope was without jurisdiction to reconsider Judge Garcia's order, because Judge Garcia *intended* to rule on the transfer motions, as evidenced by his affidavit. But, as discussed below, Judge Garcia's intent in signing his January 8 order is immaterial and irrelevant to the question of law presented by the defendants' motions for reconsideration, that is whether Judge Pope possessed the jurisdiction and authority to reconsider Judge Garcia's ruling.

In light of the authorities cited above, we hold that Judge Pope possessed the jurisdiction and authority to reconsider Judge Garcia's January 8 order denying the defendants' motions to transfer venue.

### Judge Garcia's Affidavit

The defendants also argue that Judge Garcia's affidavit was improper and should not have been considered by Judge Pope. We agree that "the appearance of impropriety looms" over the affidavit, *Joachim v. Chambers*, 815 S.W.2d 234, 238 (Tex.1991), but we decline to hold that Judge Garcia's affidavit was necessarily incompetent. The dispositive issue in this respect is the affidavit's lack of relevance to the defendants' motion for reconsideration.

"[A] judge must, like anyone else, testify to *relevant* facts within his personal knowledge *when summoned to do so*." *Joachim*, 815 S.W.2d at 239 (emphasis added). " 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence ... more

probable or less probable than it would be without the evidence." TEX.R. CIV. EVID. 401. Insofar as the defendants' motion for reconsideration is concerned, the "fact of consequence" is actually a question of law, that is whether Judge Pope possessed the jurisdiction and authority to reconsider Judge Garcia's venue ruling. This "fact" is made neither more nor less probable by Judge Garcia's affidavit testimony that the January 8 setting on the defendants' motions to transfer remained on his docket or that he heard and decided the venue motions on the merits on that date. Even if we assume the facts stated in Judge Garcia's affidavit, we must still determine whether, as a matter of law, Judge Pope could revisit Judge Garcia's ruling. As demonstrated above, we make this determination of law completely without reference to or reliance upon Judge Garcia's affidavit. Judge Garcia's affidavit is, quite simply, immaterial and irrelevant to the issue before Judge Pope and now before us.

Nor do we agree that Judge Garcia's affidavit was incompetent under Rule 605 of the Texas Rules of Evidence. Rule 605 merely provides that "[t]he judge presiding *at the trial* may not testify in *that trial* as a witness," and no objection is required to preserve the point. TEX.R. CIV. EVID. 605 (emphasis added). We hasten to add, however, that merely because a judge is *competent* to testify under Rule 605 does not mean he or she may *properly* do so within the confines of Canon 2 of the Code of Judicial Conduct. *Joachim,* 815 S.W.2d at 237. We further note that, while the Molinas are correct in asserting that the underlying case—including the venue matter—had been transferred out of Judge Garcia's court, Judge Garcia remains qualified to hear and determine any aspect of the underlying case. *See* TEX. CONST. art. V, § 11 (Vernon 1993); TEX. GOV'T CODE § 24.303(a), (c) (Vernon 1988); TEX.R. CIV. P. 330(e)-(h) (Vernon 1977) (all providing for the exchange of benches). Under these circumstances, we believe Judge Garcia's affidavit, provided to the Molinas in support of their opposition to the defendants' motion for reconsideration and apparently as the result of ex parte communications with the Molinas' counsel, was improper. *See* SUPREME COURT OF TEXAS, CODE OF JUDICIAL

CONDUCT, Canon 2, located at TEX. GOV'T CODE tit. 2, subtit. G–Appendix B (Vernon Supp.1996); SUPREME COURT OF TEXAS, TEXAS DISCIPLINARY RULES OF PROFESSIONAL CONDUCT, Rule 3.05, located at TEX. GOV'T CODE, tit. 2, subtit. G–Appendix A, art. X, § 9 (Vernon Supp.1996).

### ABSENCE OF ADEQUATE LEGAL REMEDY

"Mandamus will not issue where there is 'a clear and adequate remedy at law, such as a normal appeal.'" *Walker,* 827 S.W.2d at 840 (citing *State v. Walker,* 679 S.W.2d 484, 485 (Tex.1984)). Accordingly, "Texas law is quite clear that venue determinations are not reviewable by mandamus." *Polaris Investment Mgt. Corp. v. Abascal,* 892 S.W.2d 860, 862 (Tex.1995); *see, e.g., Ruiz v. Conoco,* 868 S.W.2d 752, 759 (Tex.1993) (trial court's erroneous venue determination constituted reversible error). In this mandamus proceeding, however, the defendants do not seek review of a venue determination; rather, they seek review of Judge Pope's ruling that he could not grant the defendants' motion for reconsideration because Judge Garcia had previously determined the venue issue on the merits. Accordingly, the general rule prohibiting mandamus review of venue determinations is inapposite.

The mere fact that an order touches upon or arises out of a venue determination does not render it immune from mandamus review. To the contrary, rulings bearing upon venue may yet be reviewable by mandamus if the appellate remedy is inadequate. *Cf. HCA Health Services,* 838 S.W.2d at 248; (case deadlocked because of conflicting trial court venue orders); *Henderson,* 797 S.W.2d at 905 (failure to give notice before ruling on motion to transfer); *Cone v. Gregory,* 814 S.W.2d 413, 415 (Tex.App.—Houston [1st Dist.] 1991, orig. proceeding) (void venue order) (citing *Dorchester Master Ltd. Partnership v. Anthony,* 734 S.W.2d 151, 152 (Tex. App.—Houston [1st Dist.] 1987, orig. proceeding)). Indeed, two of our sister courts have interpreted *Henderson* as permitting mandamus when the trial court deviates from the notice requirement of Rule 87. *See*

Mauro v. Banales, 858 S.W.2d 651, 652–53 (Tex.App.—Corpus Christi 1993, orig. proceeding); Cone, 814 S.W.2d at 414–15.

In this proceeding, the defendants seek reconsideration to vindicate their "substantial right" to the notice required by Rule 87. See Walker, 827 S.W.2d at 842 ("Interference is justified only when parties stand to lose their substantial rights.") (quoting Iley v. Hughes, 158 Tex. 362, 368, 311 S.W.2d 648, 652 (1958)). And in the unusual posture of this case, compelling Judge Pope to reconsider Judge Garcia's ruling is the only means available to correct the failure to provide the required notice; the defendants cannot seek a writ of mandamus against Judge Garcia pursuant to Henderson because the case has been transferred to Judge Pope. Under these circumstances, we hold that the defendants' legal remedy by appeal is plainly inadequate.

### CONCLUSION

For the above reasons, we hold that Judge Pope has the jurisdiction and authority to reconsider Judge Garcia's January 8 order denying the defendants' motions to transfer venue and that his failure to do so constitutes an abuse of discretion because it arises out of an incorrect interpretation of the law. In the unusual circumstances presented, mandamus is the appropriate vehicle to correct this error.

Based upon Judge Pope's comments at the reconsideration hearing, we are confident that he will vacate his order denying reconsideration and then, after proper notice, reconsider the merits of the defendants' motions at an appropriate hearing. Accordingly, the requested writ of mandamus will issue only if, upon a proper and timely request, Judge Pope refuses to exercise his jurisdiction to reconsider Judge Garcia's January 8 order denying the motions to transfer venue within a reasonable time before trial.

LOPEZ, J., concurs in result.