Dunbar v. State 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-98-021-CV

     DOUGLAS HEGAR,
                                                                                              Appellant
     v.

     CHARLES B. MCGREGOR,
                                                                                              Appellee
 

From the 74th District Court
McLennan County, Texas
Trial Court No. 97-426-3
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      This is an interlocutory appeal from a denial of transfer of venue. Because such interlocutory
appeal is prohibited, we lack jurisdiction over this appeal and dismiss it for that reason.
      The appellee, Charles B. McGregor, brought suit against the appellant, Douglas Hegar, to
collect on a note Hegar signed for the purchase of 33.26 acres of land located in Brazos 
County. Hegar filed a motion to transfer venue to Brazos County, and after a hearing, the trial
court denied Hegar’s motion in a written order signed December 8, 1997. On December 19,
Hegar filed a pro se notice of appeal “on the basis that the [m]andatory [v]enue requirements of
the State of Texas require that any lawsuit involving interest in real property has to be brought in
the county where the real estate is located.” See Tex. Civ. Prac. & Rem. Code Ann. § 15.011
(Vernon Supp. 1998).
      McGregor has filed a motion to dismiss Hegar’s appeal, contending this court lacks
jurisdiction over Hegar’s appeal because an interlocutory appeal from a trial court’s venue
determination is expressly prohibited by rule and statute. See Tex. Civ. Prac. & Rem. Code
Ann. § 15.064(a) (Vernon 1986); Tex. R. Civ. P. 87; Orion Enters., Inc. v. Pope, 927 S.W.2d
654, 659 (Tex. App.—San Antonio 1996, orig. proceeding). We agree.
      Absent a statute making an interlocutory order appealable, a final judgment is necessary to
our jurisdiction. Tex. Civ. Prac. & Rem. Code Ann. § 51.012 (Vernon 1997); New York
Underwriters Ins. Co. v. Sanchez, 799 S.W.2d 677, 678-79 (Tex. 1990). Section 15.064 of the
Civil Practice and Remedies Code states that “[n]o interlocutory appeal shall lie from the [trial
court’s venue] determination.” Tex. Civ. Prac. & Rem. Code Ann. § 15.064(a). An
interlocutory venue determination is not appealable until it is made final by merger into the final
judgment. Orion Enters., 927 S.W.2d at 659. Therefore, we grant McGregor’s motion and
dismiss Hegar’s appeal for want of jurisdiction.
      McGregor also “suggests” that this court award damages against Hegar for filing a frivolous
appeal. See Tex. R. App. P. 45. We decline to do so.
      The appeal is dismissed.
                                                                               PER CURIAM
Before Chief Justice Davis,
      Justice Cummings, and
      Justice Vance
Appeal dismissed
Opinion delivered and filed March 18, 1998
Do not publish