

## Court Of Appeals
## Fourth Court of Appeals District of Texas
## San Antonio

★ ★ ★      ★ ★ ★

# MEMORANDUM OPINION

No. 04-09-00007-CV

**DAVIS FAMILY BLANCO ROAD PROPERTY TRUST,**[1]
Appellant

v.

**CANYON CREEK ESTATES HOMEOWNERS ASSOCIATION**, et al.,
Appellees

From the 224th Judicial District Court, Bexar County, Texas
Trial Court No. 2006-CI-12456
Honorable David A. Berchelmann, Jr., Judge Presiding[2]

Opinion by:    Marialyn Barnard, Justice

Sitting:    Sandee Bryan Marion, Justice
        Rebecca Simmons, Justice
        Marialyn Barnard, Justice

Delivered and Filed: October 21, 2009

AFFIRMED; REMANDED

      The underlying lawsuit was initially filed by the Davis Family Blanco Road Property Trust

("Trust") against Canyon Creek Estates Homeowners Association (the "Association") and each of

---

      [1] Although the pleadings were amended to properly name the plaintiff/appellant as Luis Davis, Trustee of the Davis Family Blanco Road Property Trust, the trust was named as the plaintiff in the style of the final judgment.

      [2] The Honorable Karen Pozza presided over the hearing on the motion to allow service by electronic mail and signed the order granting the motion. The Honorable Peter Sakai presided over the hearing on the motion to dismiss and signed the order granting the motion to dismiss with prejudice. The Honorable Gloria Saldaña signed the agreed order on the partial summary judgment. The Honorable David A. Berchelmann, Jr., signed the final judgment.

the individual lot owners of the Canyon Creek Estates Subdivision (referred to herein as the "Lot Owners"). On appeal, the Trust contends the trial court erred by: (1) dismissing the Trust's claims; (2) signing an agreed order granting a partial summary judgment; and (3) granting the Association's motion to allow service by electronic mail.

## BACKGROUND

Since 1963, restrictive covenants have limited the use of most of the lots in the Canyon Creek Estates Subdivision ("Subdivision") for residential purposes only. On or about May 23, 1997, Edward and Rosaura Davis, Luis Davis's parents, acquired Lot 8, Block 2 of the Subdivision. This lot fronted Blanco Road. On or about March 1, 2000, Elare Partners, Ltd., a Texas limited partnership, purchased lots 6 and 7 of Block 2 of the Subdivision. These lots also fronted Blanco Road. Luis Davis is the managing member of Navitas Origo, LLC, which is the general partner of Elare Partners. Luis and Patricia Davis individually purchased a lot in the Subdivision which did not front Blanco Road around 2005.

On August 14, 2006, the Trust sued the Association and the Lot Owners seeking a declaratory judgment that the Subdivision should no longer be burdened by restrictive covenants limiting the commercial and business use of the property. The petition asserted that the Trust owned lots 6, 7, and 8 of Block 2 of the Subdivision. The petition alleged the restrictive covenants were null and void or that circumstances and conditions had changed such that the lots located on Blanco Road should no longer be restricted.

On December 12, 2007, the Association filed a motion to allow service by electronic mail. The motion noted that the lawsuit involved twenty-eight defendants, including approximately twenty-three Lot Owners who were proceeding in the litigation *pro se*. Seventeen of the *pro se*

defendant Lot Owners signed electronic service elections requesting to receive service by electronic mail. After a hearing, the trial court signed an order allowing documents and pleadings to be served by electronic mail but requiring notice of hearings and trial settings to also be faxed or sent by certified letter. The order contained certain other protections including a provision allowing any party to notify the other parties of any loss of e-mail service and to request service by other means until e-mail service was restored.

On January 3, 2008, the Association filed a plea in abatement and a plea to the jurisdiction. The Association asserted that the Trust lacked the legal capacity to be a party to the lawsuit, noting that the proper party would be the trustee of the Trust. The Association also asserted that the Trust did not own property in the Subdivision and, therefore, lacked standing to request declaratory relief. The trial court granted the plea to the jurisdiction and gave the Trust until January 24, 2008, to "file an amended petition adding the correct property owners as plaintiffs." The trial court did not sign the written order until February 19, 2008.

On January 24, 2008, an amended petition was filed naming Luis Davis, as trustee of the Trust (referred to herein as "Trustee"), as the plaintiff. The same day, Luis and Patricia Davis, as individual Lot Owners, filed an amended answer and cross-claim seeking declaratory relief that the lots in the Subdivision located on Blanco Road were not subject to the restrictions or that the restrictions were null and void.

On April 24, 2008, the Association filed a motion to dismiss asserting the Trust was not a property owner in the Subdivision; therefore, the Trustee lacked standing to challenge the restrictive covenants. The Association also filed a motion for partial summary judgment, asserting the Trustee

was estopped from invoking the "changed conditions" doctrine because the purchasers of Lots 6, 7, and 8 had knowledge of the changes when they acquired the lots.

On May 27, 2008, the trial court held a hearing on the motion to dismiss and motion for partial summary judgment. The trial court granted the Trust a continuance on the motion for partial summary judgment based on the Trust's assertions that proper notice of the hearing on that motion was not given and additional time was needed to respond. At the hearing, the Trustee introduced into evidence an unrecorded deed that conveyed Lot 8 from Edward and Rosaura Davis to the Trust and an unrecorded deed that conveyed Lots 6 and 7 from Elare Partners to the Trust. At the end of the hearing, the trial court granted the motion to dismiss and dismissed all claims by the Trustee as plaintiff. The order noted that it did not affect the attorneys' fees claims of some defendants which were still pending; therefore, the order dismissing the Trustee's claims as plaintiff was interlocutory. Despite dismissing the Trustee's claims, the trial court insisted that a hearing be set on the Association's motion for partial summary judgment:

> THE COURT: . . . . Circulate an order. If there is any issue, I will come back out and clarify that order for y'all, sign it. **I still want a[n] order of [sic] the summary judgment, Mr. Caldwell [counsel for the Association].** I mean, I realize –
> MR. CALDWELL: You want me to go forward with the summary judgment hearing?
> THE COURT: You know, I, that's –
> MR. CALDWELL: Oh, get an order entered, I see.
> THE COURT: **I want that setting.** Y'all decide what y'all have after today.
> MR. CALDWELL: Okay. Okay.
> THE COURT: All right. I have given you legal rulings. **I want that summary judgment set.**

On June 3, 2008, the trial court considered the Association's motion for partial summary judgment and noted the parties announced an agreement between the Association, the Trustee as plaintiff, and Luis and Patricia Davis as cross-plaintiffs. Based on the agreement, the trial court

signed an agreed order granting the motion for partial summary judgment. In the agreed order, the trial court awarded a take nothing judgment "on all claims for declaratory judgment regarding claims that changes in conditions or circumstances as of the date Plaintiff or Cross-Plaintiffs acquired the property justify the canceling or invalidation of any restrictive covenants on Plaintiff's or Cross-Plaintiffs' properties as to use for residential purposes." The order further described the "Plaintiff's and Cross-Plaintiffs'" properties as Lots 6, 7, and 8.

On December 8, 2008, the trial court held a hearing on the defendants' request for sanctions. On December 18, 2008, the trial court signed a final judgment denying the request for sanctions.

### E-MAIL SERVICE

In its third issue, the Trust contends the trial court erred in allowing service by e-mail. Rule 21a of the Texas Rules of Civil Procedure, however, permits service "by such other manner as the court in its discretion may direct." TEX. R. CIV. P. 21a. In addition, Rule 5.1(b) of the Bexar County Local Rules of District Courts covering the Electronic Filing of Court Documents states, "Documents may be electronically served upon a party . . . where the court has ordered the parties to electronically serve documents." Bexar County (Tex.) Dist. Ct. Loc. R. Elec. Filing 5.1(b). The convenience to the numerous *pro se* defendants who expressly consented to e-mail service provided a sound basis for the trial court's order permitting e-mail service. Therefore, the trial court did not err in ordering service by e-mail.

In addition, the Trust fails to show how it was harmed by the trial court permitting e-mail service. The trial court granted the only continuance the Trust requested based on insufficient notice. "[S]ervice and notice in a technical sense is incidental where the main purpose of obtaining the appearance of all parties and their participation is accomplished." *Hill v. W. E. Brittain, Inc.*, 405

S.W.2d 803, 807 (Tex. Civ. App.—Fort Worth 1966, no writ). "It is in instances where parties or the attorneys fail to make an appearance and participate in a hearing affecting their rights that an examination of the technical aspects of the rules of service and notice are and should be closely examined and adhered to." *Id*. In this case, the Trust appeared and participated at every hearing. Therefore, even assuming the trial court erred in allowing service by e-mail, the Trust has not shown that the error "probably caused the rendition of an improper judgment" or "probably prevented the appellant from properly presenting the case to the court of appeals." TEX. R. APP. P. 44.1(a). The Trust's third issue is overruled.

DISMISSAL

In its first point of error, the Trust contends the trial court erred in dismissing its claims at the conclusion of the May 27, 2008 hearing. The Trust asserts that the unrecorded deeds transferred title to Lots 6, 7, and 8 to the Trust; therefore, the Trust owned property in the Subdivision. The Association asserts that proof of delivery of the deeds with an intent to convey was required to establish that the Trust owned the property.

In reviewing a trial court's order on a motion to dismiss for lack of standing, we consider the issue as we would in a plea to the jurisdiction. *See Brown v. Todd*, 53 S.W.3d 297, 305 n. 3 (Tex. 2001). If a plea to the jurisdiction challenges jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, as the trial court is required to do. *Tex. Dept. of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227 (Tex. 2004). If the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and the fact issue will be resolved by the fact finder. *Id*. at 227-28. However, if the relevant evidence is undisputed or fails to raise a fact issue on the jurisdictional

-6-

issue, the trial court rules on the plea to the jurisdiction as a matter of law which we review *de novo*. *Id*. at 228.

The Trust does not contest the proposition that in order to have standing to seek declaratory relief regarding the enforceability of the restrictive covenants, the Trust was required to own property in the Subdivision. *See Ski Masters of Texas, LLC v. Heinemeyer*, 269 S.W.3d 662, 667-69 (Tex. App.—San Antonio 2008, no pet.); *Nelson v. Flache*, 487 S.W.2d 843, 846 (Tex. Civ. App.—Amarillo 1972, writ ref'd n.r.e.). The Trust asserts, however, that the unrecorded deeds were evidence that Lots 6, 7, and 8 were conveyed from their former owners to the Trust. Since the Trust owned property in the Subdivision, the Trust argues the trial court erred in dismissing its claims.

An unrecorded deed is binding on the parties to the conveyance, and recording a deed is not necessary to pass title. *Hidalgo County Appraisal Dist. v. HIC Texas I, L.L.C.*, No. 13-07-083-CV, 2009 WL 620468, at *2 (Tex. App.—Corpus Christi Mar. 12, 2009, no pet.) (mem. op.); *Watson v. Tipton*, 274 S.W.3d 791, 799 (Tex. App.—Fort Worth 2008, pet. denied). Although the Association raised questions regarding the timing of the unrecorded deeds, the unrecorded deeds, at the very least, raised a fact issue regarding the Trust's property ownership that prevented the trial court from granting the motion to dismiss. *See Miranda*, 133 S.W.3d at 227-28. Accordingly, the trial court erred in granting the motion to dismiss.

### SUMMARY JUDGMENT

In its second issue, the Trust contends the trial court erred in granting the partial summary judgment regarding its claims because the trial court had already dismissed those claims based on lack of standing. The Association responds that the Trust waived its complaint by agreeing to the order, and the trial court still had jurisdiction over the case because claims remained pending.

A party's consent to the trial court's entry of judgment waives any error, except jurisdictional error, contained in the judgment. *In re A.M.S.*, 277 S.W.3d 92, 99 (Tex. App.—Texarkana 2009, no pet.); *Boufaissal v. Boufaissal*, 251 S.W.3d 160, 162 (Tex. App.—Dallas 2008, no pet.). In this case, the trial court continued to have plenary jurisdiction over the case despite the dismissal of the Trust's claims because numerous other claims remained pending, including the cross-claim for declaratory relief asserted by Luis and Patricia Davis which also was disposed of by the agreed order. *See* TEX. R. CIV. P. 329b(d). Moreover, the following exchange occurred at the conclusion of the hearing on the motion to dismiss in which the trial court expressly recognized its plenary power:

> THE COURT: I am not – Mr. Crist [counsel for the Trust], I'm not questioning the fact that your firm has gotten these signatures [on the unrecorded deeds] and they have been notarized. It – I am going all the way back to the start of this lawsuit and then trying to determine, also, what – give legal effect to Judge Pozza's order [of] February 19th, 2008. It just doesn't appear to me that this is – has been a properly plead lawsuit, is what it boils down to.
>      And I'm struggling as to – you know, if I – if I am to grant this dismissal, then I want to make sure I'm not creating reversible error, so –
> MR. CRIST: I understand, Your Honor.
> THE COURT: I know you're arguing that, Judge, we – we fixed Judge Pozza's concerns.
> MR. CRIST: Yes, Your Honor.
> THE COURT: But these conveyance –
> MR. CRIST: Yes, Your Honor.
> THE COURT: But these conveyances – this is what I'm going to do for today. **The Court is going to grant the motion, but, of course, as y'all know, the Court has 30 days plenary power.** Y'all figure out what y'all got.

(emphasis added). As previously noted, the trial court also insisted that the attorney set a hearing on the motion for partial summary judgment.

"A trial court has plenary power over and therefore the jurisdiction and authority to reconsider, not only its judgment but also its interlocutory orders until thirty days after the date a final judgment is signed" unless extended by the filing of a motion for new trial. *Orion Enterprises,*

*Inc. v. Pope*, 927 S.W.2d 654, 658 (Tex. App.—San Antonio 1996, orig. proceeding [leave denied]). "'Plenary power' is 'that which is '[f]ull, entire, complete, absolute, perfect, unqualified.'" *Id.* (quoting *Mesa Agro v. R. C. Dove & Sons*, 584 S.W.2d 506, 508 (Tex. Civ. App.—El Paso 1979, writ ref'd n.r.e.).

The agreed order in this case expressly recognized that the Plaintiff or Cross-Plaintiffs had acquired property and expressly described that property as Lots 6, 7, and 8 of Block 2 of the Subdivision. In requiring the motion for partial summary judgment to be set within the trial court's plenary power and in signing an order recognizing the Trust's ownership of the property, the trial court impliedly overruled its earlier order dismissing the Trust's claims for lack of standing based on non-ownership. *See Chilkewitz v. Hyson*, 22 S.W.3d 825, 828 (Tex. 1999) (noting trial court impliedly overruled party's motion for judgment notwithstanding the verdict by rendering judgment for other party); *Amir-Sharif v. Hawkins*, 246 S.W.3d 267, 271 (Tex. App.—Dallas 2007, pet. dism'd w.o.j.) (noting trial court impliedly denied motion to vacate application for protective order by issuing protective order); *see also Express-News Corp. v. Spears*, 766 S.W.2d 885, 888 (Tex. App.—San Antonio 1989, orig. proceeding [leave denied]) (noting trial court may choose to vacate prior order during its plenary power). Because the trial court had both plenary power over and jurisdiction to reconsider the dismissal order, *see Orion Enterprises, Inc.*, 927 S.W.2d at 658, the agreed order contains no jurisdictional error, and the Trust's consent to the agreed order waived any error with regard to the granting of the partial summary judgment. *See In re A.M.S.*, 277 S.W.3d at 99; *Boufaissal*, 251 S.W.3d at 162. The Trust's second issue is overruled.

**CONCLUSION**

Although the trial court erred in dismissing the Trust's claims, the trial court impliedly overruled its dismissal order when it granted the partial summary judgment. Although we affirm the order granting the partial summary judgment, that order only grants summary judgment with regard to the Trust's claims "for declaratory judgment regarding claims that changes in conditions or circumstances as of the date Plaintiff or Cross-Plaintiffs acquired the property justify the canceling or invalidation of any restrictive covenants on Plaintiff's or Cross-Plaintiffs' properties as to use for residential purposes." Therefore, the cause is remanded to the trial court for further proceedings on the Trust's claims that were not disposed of by the partial summary judgment.

Marialyn Barnard, Justice