ACCEPTED
04-15-00012-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
8/3/2015 1:15:10 PM
KEITH HOTTLE
CLERK

NO. 04-15-00012-CV

# THE COURT OF APPEALS
## FOR THE FOURTH DISTRICT OF TEXAS
## SITTING AT SAN ANTONIO, TEXAS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS

08/03/15 1:15:10 PM

KEITH E. HOTTLE
Clerk

## JOHN E. RODARTE SR.
### Appellant,

## V.

## BEXAR COUNTY, TEXAS AND SHERIFF RALPH LOPEZ, ET AL
### Appellees

_____

## BRIEF OF APPELLEES,
## BEXAR COUNTY, TEXAS AND SHERIFF RALPH LOPEZ, ET AL
_____

## ORAL ARGUMENT NOT REQUESTED
_____

**Clarkson F. Brown**
**State Bar No. 00798082**
**Assistant Criminal District Attorney**
**-Civil Division**
**101 W. Nueva, Suite 735**
**San Antonio, Texas 78205-3030**
**Telephone: (210) 335-3918**
**Telecopier: (210) 335-2773**
**Attorney for Appellees**

# IDENTITY OF PARTIES AND COUNSEL

**Appellant**
John E. Rodarte Sr.

**Appellees**
Bexar County, Texas And Sheriff
Ralph Lopez, et al

Trial and Appellate Counsel
Pro-Se
T.D.C.J. 1263270
Clements Unit
9601 Spur 591
Amarillo, Texas 79107

Trial and Appellate Counsel
Clarkson F. Brown
SBN: 00798082
101 W. Nueva, Suite 735
Assistant Criminal District
Attorney—Civil Division
San Antonio, Texas 78205
210-335-3918
cbrown@bexar.org

# TABLE OF CONTENTS

**PAGE(S)**

**IDENTITY OF PARTIES AND COUNSEL** ................................................................. i

**TABLE OF CONTENTS** ................................................................................... ii

**INDEX OF AUTHORITIES** ............................................................................ iii

**BRIEF OF APPELLEES BEXAR COUNTY, TEXAS AND SHERIFF RALPH LOPEZ, ET AL** ................................................................................ 1

**STATEMENT OF THE CASE** .......................................................................... 1

**ISSUES PRESENTED** ................................................................................... 1

**STATEMENT OF THE FACTS** ....................................................................... 2

**ARGUMENTS AND AUTHORITIES** .............................................................. 2

    A. Appellant has no grounds for a Bill of Review ...................................... 2

**CONCLUSION** ............................................................................................... 5

**PRAYER FOR RELIEF** .................................................................................. 5

**CERTIFICATE OF SERVICE** ........................................................................ 6

**APPENDIX** ................................................................................................... 7

# INDEX OF AUTHORITIES

CASES                                                                                                    PAGE(S)

*Rodarte v. Bexar County*, 2013 Tex. LEXIS 812 (Tex. Sept. 27, 2013)............................1

*Rodarte v. Bexar County*, 2013 Tex. LEXIS 1027 (Tex. Dec. 6, 2013) ............................1

*Rodarte v. Bexar County*, 2013 Tex. App. LEXIS 5576 (Tex. App. San Antonio May 8, 2013) ......................................................................................................................1

*Mabon Ltd. v. Afri-Carib Enters.,* 369 S.W.3d 809, 812 ..................................................2

*Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004) (per curiam)..................................2, 3

*Orion Enterprises, Inc. v. Pope*, 927 S.W.2d 654, 658 (Tex. App.--San Antonio 1996, writ ref'd.) ..........................................................................................................4

RULES

Section 101.001 et. al. of the Texas Civil Practice and Remedies Code, and the Texas Tort Claims Act ("TTCA")............................................................................................2

**BRIEF OF APPELLEES BEXAR COUNTY, TEXAS AND SHERIFF RALPH LOPEZ, ET AL**

TO THE HONORABLE FOURTH COURT OF APPEALS:

Bexar County, Texas and Sheriff Ralph Lopez, et al, appellees and defendants below, respectfully submits this brief for your consideration.

## I.
## STATEMENT OF THE CASE

This is an appeal from the denial of a Bill of Review by the Honorable Michael E. Mery on October 20, 2014. This same trial court case was appealed to this court and dismissed for lack of jurisdiction on May 8, 2013 in *Rodarte v. Bexar County*, 2013 Tex. App. LEXIS 5576 (Tex. App. San Antonio May 8, 2013). That opinion was appealed to the Texas Supreme Court and petition for review was denied on September 27, 2013 in case number 13-0388 at *Rodarte v. Bexar County*, 2013 Tex. LEXIS 812 (Tex. Sept. 27, 2013) with a motion for rehearing denied at *Rodarte v. Bexar County*, 2013 Tex. LEXIS 1027 (Tex. Dec. 6, 2013). On July 16, 2015, this Court denied appellees' Motion to Dismiss the Appeal.

## II.
## ISSUES PRESENTED

1.     Is appellant entitled to a Bill of Review for the actions taken by Judge Fred Shannon when he dismissed appellant's case on December 5, 2015?

No. Appellant makes the incorrect assumption that Judge Shannon acted based on some motion by the defendants and thus he has a due process claim for failure to be served. Judge Shannon acted on his own, thus plaintiff has no right to a Bill of Review.

-1-

Judge Shannon was within his powers as a trial judge to review the file and reverse previous rulings and dismiss the case.

## III.
## STATEMENT OF THE FACTS

Plaintiff filed suit seeking unspecified damages against Bexar County via his claim against the Sheriff's Department, the Adult Detention Center and Sheriff Lopez for negligence under Section 101.001 et. al. of the Texas Civil Practice and Remedies Code, and the Texas Tort Claims Act ("TTCA"), for injuries he claims he sustained while riding on a transport bus from the Bexar County Justice Center to the Bexar County jail.

Plaintiff was an inmate housed at the Bexar County Adult Detention Center. Plaintiff alleges that on December 1, 2003, he was riding in a county transport bus taking him from the justice center back to the jail when the bus hit a pothole or curb, which caused him to fall off his seat and resulted in injury. Plaintiff contends he fell from his seat because the bench seat was not properly bolted to the floor.

## IV.
## ARGUMENTS AND AUTHORITIES

### A.   Appellant has no grounds for a Bill of Review

"A bill of review is an equitable proceeding, brought by a party seeking to set aside a prior judgment that is no longer subject to challenge by a motion for a new trial or direct appeal." *Mabon Ltd. v. Afri-Carib Enters.,* 369 S.W.3d 809, 812 (citing *Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004) (per curiam)). Ordinarily, a plaintiff must plead and prove: "(1) a meritorious defense to the underlying cause of action, (2) which the

-2-

plaintiff [was] prevented from making by the fraud, accident or wrongful act of the opposing party or official mistake, (3) unmixed with any fault or negligence on [its] own part." *Id.* (quoting *Caldwell*, 154 S.W.3d at 96). But "when a bill-of-review plaintiff claims a due process violation for no service [of process] or notice [of a default judgment], it is relieved of proving the first two elements" and must only prove that its own fault or negligence did not contribute to cause the lack of service or notice. *Id.*

Therefore, appellant must prove that he failed to receive notice of some document that resulted in an adverse judgment being taken against him. In this case, he cannot prove this element.

Appellee never filed any document asking Judge Shannon to take the actions he did on the day of trial. Judge Shannon did this *sua sponte.* On December 5, 2011, the same day the case was set to begin trial, trial Judge Shannon reviewed and granted appellee's no evidence motion for summary judgment because appellant failed to produce any summary judgment evidence of injury for the court. (CR 29). Appellees were given a copy of the Order dismissing the case when they appeared in court for the trial. Appellant admits on page 13 of his brief that he received Judge Shannon's order dismissing the case. Thus, his whole argument is based on the false assumption that he was not served some document and Judge Shannon's ruling was based on that. This is incorrect. As reflected in the CR, there was no document filed seeking any such relief from Judge Shannon. Nor was there a hearing held that appellant was not a part of. Judge Shannon used his inherent power to review the file and change previous rulings in

the case and dismissed the matter.

A trial court has plenary power over, and therefore the jurisdiction and authority to reconsider, not only its judgment, but also its interlocutory orders until 30 days after the date a final judgment is signed. *Orion Enterprises, Inc. v. Pope*, 927 S.W.2d 654, 658 (Tex. App.--San Antonio 1996, writ ref'd.). In *Orion*, relators, a corporation, its employee and another corporation, sought a writ of mandamus ordering respondent trial court judge to exercise his plenary power and jurisdiction to reconsider another judge's order denying motions to transfer venue in a products liability and wrongful death action. *Id.* at 656. The court held that, like any other order, an order denying a motion to transfer may be considered at any time within the trial court's plenary power. *See id.* at 658-59 (stating "[p]lenary power is that which is full, entire, complete, absolute, perfect, unqualified").

Similar to the situation in *Orion*, Judge Shannon exercised his plenary power and reconsidered and reversed a previously denied motion prior to final judgment. (CR 29). Judge Shannon's December 5, 2011 Order granting appellee's no evidence motion for summary judgment was a proper exercise of the trial court's plenary power. The fact that appellant does not like the ruling or wrongly assumes Judge Shannon was acting pursuant some motion filed by appellees is not grounds for being granted a bill of review.

Appellant also seems to be making some argument that what occurred at the hearing on his bill of review somehow entitles him to a bill of review. While it is unclear from his brief what he is arguing, whatever it is does not entitle him to a bill of review.

On October 24, 2014 Judge Michael E. Mery heard appellant's bill of review. Appellant was present and allowed to make his arguments. (CR 49-50) Judge Mery denied the bill of review, a fact appellant acknowledges on page 7 of his brief. Therefore, he has no basis to contend the bill of review hearing occurred without his participation or that he did not know of the ruling. Judge Mery heard the arguments and ruled that the bill of review should not be granted. This was the proper ruling based on the arguments set forth above. Thus, nothing occurring on October 24, 2014 entitles him to a bill of review. The ruling Judge Mery made was correct and should be upheld.

## V.
## CONCLUSION

This Court should deny this appeal. Plaintiff cannot meet the one element needed to prove his entitlement to a bill of review. That is, he cannot show his due process was denied due to lack of service. His mistaken belief that Judge Shannon acted based on some motion filed by appellees is not grounds for a bill of review. Judge Mery correctly denied the bill of review because no facts supported the grating of the bill.

## VI.
## PRAYER FOR RELIEF

For these reasons, appellees respectfully request that this Court deny this appeal and uphold the denial of the bill of review. Further, appellees pray that this court grant all other relief to which it is entitled in law and equity.

Respectfully submitted,

/s/Clarkson F. Brown
Clarkson F. Brown

-5-

State Bar No. 00798082
Assistant Criminal District Attorney
 - Civil Division
101 W. Nueva, Suite 735
San Antonio, Texas 78205-3030
Telephone:  (210) 335-3918
Telecopier:  (210) 335-2773
Attorney for Defendants –Appellees Bexar
County, Texas and Sheriff Ralph Lopez, et al

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing

document has been served on this 3rd day of August, 2015 to the following:


John E. Rodarte Sr.                                   CMRRR 7014 1200 0001 2586 7820
TDCJ 1263270
Clements Unit
9601 Spur 591
Amarillo, TX 79107-9606
Pro Se

Fourth Court of Appeals                          By Efile
300 Dolorosa, 3rd Fl., Suite 3200
San Antonio, Texas 78205


/s/Clarkson F. Brown
Clarkson F. Brown

# NO. 04-15-00012-CV

## THE COURT OF APPEALS
## FOR THE FOURTH DISTRICT OF TEXAS
## SITTING AT SAN ANTONIO, TEXAS

### JOHN E. RODARTE SR.
**Appellant,**

### V.

### BEXAR COUNTY, TEXAS AND SHERIFF RALPH LOPEZ, ET AL
**Appellees**

_____

### BRIEF OF APPELLEES,
### BEXAR COUNTY, TEXAS AND SHERIFF RALPH LOPEZ, ET AL
_____

### APPENDIX

1. Judge Shannon's Order-CR 29
2. Order Denying Bill of Review-CR 49
3. Judge's Notes regarding Bill of Review Hearing-CR 50



2005CI18884 -D057

Cause No. 2005-CI-18884

John E. Rodarte, Sr.,
Plaintiff

57th District Court

v.

Ralph Lopez, Sheriff;
Bexar County Adult Detention Center;
And Bexar County Sheriff's Department,
Defendants

Bexar County, Texas

Order Granting Defendants Motion for Summary Judgment,
Order Granting Defendants Plea to the Jurisdiction, and
Order Declaring 2/13/08 Order to be Void.

On this 5th day of December, 2011, the undersigned Judge presiding reviewed the file herein, and thereupon ascertained that Defendants' No Evidence Motion for Summary Judgment should be and is hereby granted because Plaintiff failed to produce any summary judgment evidence of injury.

Further, upon such review, the undersigned determined that the Defendants' Plea to the Jurisdiction should be and is hereby granted because Plaintiff failed to give notice of the filing of his suit as required by Local Government Code Sec. 89.0041.

In addition, such review showed that the Order entered on 2/13/08 is and is hereby declared void because this case had been dismissed for lack of jurisdiction on January 10, 2008, more than thirty days prior to the Order of 2/13/08, and such thirty day period had not been extended by the filing of any Motion permitted by TRCP Rule 329b.

For the foregoing reasons this case is hereby dismissed with prejudice, and Plaintiff shall pay all costs incurred herein.

Signed this 5th day of December, 2011.



Fred Shannon, Judge Presiding



2005CI18884 -D057

2005-CI-18884

| | | |
|---|---|---|
| JOHN E. RODARTE, SR. **PLAINTIFF,** | § § § § § § | IN THE DISTRICT COURT 57th ~~151st~~ JUDICIAL DISTRICT BEXAR COUNTY, TEXAS |
| v. | | |
| RALPH LOPEZ, SHERIFF; BEXAR COUNTY ADULT DETENTION CENTER; AND BEXAR COUNTY SHERIFF'S DEPARTMENT, **DEFENDANTS.** | | |

## Order

1.    On this day, the Court considered Movant's motion filed in the above described cause, the evidence attached thereto, heard argument of the parties and finds that Movant's motion *for Bill of Review* should in all things be **DENIED**.

It is so **ORDERED**.

SIGNED and ENTERED on this the 20th day of October , 2014.

Honorable Michael E. Mery

APPROVED AS TO FORM:

By: _____
Larry L. Roberson
State Bar No. 24046728
Assistant Criminal District
Attorney – Civil Section
300 Dolorosa, Fifth Floor
San Antonio, Texas 78205
Telephone No.: (210) 335-0785

49

Memo 4th Fl. Elizondo

# JUDGE'S NOTES



20 min



2005CI18884 -P00324

CAUSE NO.: 2005CI18884

COURT: 057  DATE/TIME: 10/20/2014 08:30AM
SETTING COURT: 109

STYLE: JOHN E RODARTE SR
VS. RALPH LOPEZ ETAL

DISCOVERY LEVEL: 4
ATTORNEY(S) FOR CASE:
JOHN RODARTE SR

CLARKSON BROWN

FILED
DONNA KAY McKINNEY,
DISTRICT CLERK
BEXAR COUNTY
14 OCT 20 AM 8:44
DEPUTY

JR

TYPE OF MOTION OR APPLICATION:
NON-JURY SETTING ON TRIAL ON THE MERITS

CONFERRING_____ ESTIMATE HEARING TIME _20 min_
AGREED ORDER_____ ASSIGNED COURT _37th_
DROP_____ RECORD TAKEN _NO_
INTERPRETER_____ RESET DATE_____ TIME_____

DATE OF NOTES _10-20-14_                              JUDGE INITIALS _MEAh_

- ct. conducted telephone hearing w/
inmate, applicant, John Rodarte, Sr.
Denied.

PROPERTY OF BEXAR COUNTY DISTRICT CLERK'S OFFICE          (DK510A)

DOCUMENT SCANNED AS FILED