

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-08-00067-CV

_____

IN THE INTEREST OF A.M.S., A CHILD

On Appeal from the County Court at Law
Panola County, Texas
Trial Court No. 2008-073

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Carter

OPINION

Natalie Thompson and Mitchell Singletary appeal the final order of the trial court appointing Darlene and Larry Lowe as nonparent joint managing conservators of A.M.S., the daughter of Thompson and Singletary. Darlene, the child's paternal aunt, and her husband, Larry Lowe, filed a verified petition in a suit affecting the parent-child relationship (SAPCR) seeking to be appointed joint managing conservators of the child. In the petition, the Lowes attest that the child, who was less than two months old at the time, was suffering from malnutrition[1] and state "both parents of the child, will consent, or have consented to this suit being filed." Thompson and Singletary represented themselves pro se in the trial court.[2] Thompson, Singletary, and the Lowes agreed in open court and on the record to the order appointing the Lowes as joint managing conservators. The trial court entered a final order in accordance with the agreement. After the entry of the order, Thompson and Singletary retained counsel and filed a motion for new trial alleging the Lowes lacked standing to file the petition. The trial court denied the motion. Thompson and Singletary bring this appeal alleging the Lowes lacked standing to file the petition.

Standing is a constitutional prerequisite to maintaining a suit under Texas law. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 444 (Tex. 1993). Standing, as a necessary

---

[1]Thompson and Singletary had previously agreed to permit the Texas Department of Family and Protective Services to temporarily place the child in the care of the Lowes.

[2]We note Thompson and Singletary did not file an answer. Thompson and Singletary were served by citation and entered a general appearance by personally appearing at the trial court's hearing on the agreed order.

component of a court's subject-matter jurisdiction, cannot be conferred by consent or waiver and can be raised for the first time on appeal. *Id.* at 443; *see Mapco, Inc. v. Forrest*, 795 S.W.2d 700, 703 (Tex. 1990); *In re Guardianship of Erickson*, 208 S.W.3d 737, 740 (Tex. App.—Texarkana 2006, orig. proceeding). When standing is challenged for the first time on appeal, appellate courts "must construe the petition in favor of the party, and if necessary, review the entire record to determine if any evidence supports standing."[3] *Tex. Ass'n of Bus.*, 852 S.W.2d at 446. We review de novo a challenge to a party's standing. *Tex. DOT v. City of Sunset Valley*, 146 S.W.3d 637, 646 (Tex. 2004).

In addition to the constitutional limitations on standing, the Texas Family Code contains additional restrictions on who may bring suit. The Texas Legislature "has provided a comprehensive statutory framework for standing in the context of suits involving the parent-child relationship." *In re H.G.*, 267 S.W.3d 120 (Tex. App.—San Antonio 2008, pet. denied). Section 102.004(a) of the Texas Family Code provides as follows:

> In addition to the general standing to file suit provided by Section 102.003, a grandparent, or another relative of the child related within the third degree by

---

[3]Even though standing was challenged in the motion for new trial, this case is the equivalent of a challenge for the first time on appeal. No evidence was presented during the hearing on the motion for new trial. We note, when reviewing a trial court order dismissing a cause for want of jurisdiction, appellate courts consider the allegations in the pleadings, construe the pleadings in favor of the pleader, and accept the allegations as true. *Tex. Ass'n of Bus.*, 852 S.W.2d at 446; *Save Our Springs Alliance v. City of Austin*, 149 S.W.3d 674, 680 (Tex. App.—Austin 2004, no pet.). The reason for the difference between a pretrial ruling and a challenge on appeal is that there is no opportunity to cure a pleading defect when standing is challenged for the first time on appeal. *Tex. Ass'n of Bus.*, 852 S.W.2d at 446. "A review of only the pleadings to determine subject matter jurisdiction is sufficient" when reviewing a pretrial ruling "because a litigant has a right to amend to attempt to cure pleading defects if jurisdictional facts are not alleged." *Id.*

3

consanguinity, may file an original suit requesting managing conservatorship if there is satisfactory proof to the court that:

> (1) the order requested is necessary because the child's present circumstances would significantly impair the child's physical health or emotional development; or
>
> (2) both parents, the surviving parent, or the managing conservator or custodian either filed the petition or consented to the suit.

TEX. FAM. CODE ANN. § 102.004(a) (Vernon Supp. 2008).

Thompson and Singletary argue the Lowes lacked standing because 1) there is no evidence of circumstances endangering the child's physical health, 2) no evidence the parents consented to the petition, and 3) the trial court's interpretation of Section 102.004(a)(2) is unconstitutional. In their petition, the Lowes alleged standing to file suit under both subsection (a)(1) and subsection (a)(2). On appeal, the Lowes argue they have standing under subsection (a)(2).[4] We will first examine the constitutional challenge to Section 102.004(a)(2). Concluding the trial court's interpretation of Section 102.004 was both correct and constitutional, we will then consider whether both Darlene and Larry had standing under Section 102.004.

---

[4]Section 102.004(a)(1) of the Texas Family Code requires the court to make a threshold finding that the child's present circumstances would significantly impair the child's physical health or emotional development based on a preponderance of the evidence. *In the Interest of R.D.Y.*, 51 S.W.3d 314, 325 (Tex. App.—Houston [1st Dist.] 2001, pet. denied); *Von Behren v. Von Behren*, 800 S.W.2d 919, 921 (Tex. App.—San Antonio 1990, writ denied). Although the trial court made a finding that the child was suffering from malnutrition, no evidence in support of this finding was presented at the hearing.

**I.  Section 102.004 Is Constitutional and Permits Consent After the Filing of the Petition**

Thompson and Singletary argue, if we interpret Section 102.004(a)(2) to permit a parent to consent to the suit after the petition has been filed, Section 102.004(a)(2) will be unconstitutional because a party cannot waive subject-matter jurisdiction.  According to Thompson and Singletary, a party could constitutionally consent to standing prior to the filing of the suit, and they urge this Court to interpret Section 102.004(a)(2) to require consent prior to filing suit.  The constitutional standing requirement "stems from two limitations on subject matter jurisdiction:  the separation of powers doctrine and, in Texas, the open courts provision." *Tex. Ass'n of Bus.*, 852 S.W.2d at 443. Thompson and Singletary argue that permitting a party to consent after the filing of the petition violates both the open courts provision and the separation of powers doctrine.

The open courts provision of the Texas Constitution provides, "[a]ll courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law."  TEX. CONST. art. I, § 13.  The provision has been interpreted to contain three separate constitutional guarantees:  1) "courts must actually be open and operating," 2) "citizens must have access to those courts unimpeded by unreasonable financial barriers," 3) "the legislature may not abrogate the right to assert a well-established common law cause of action." *See Tex. Ass'n of Bus.*, 852 S.W.2d at 448.

The separation of powers doctrine prohibits one branch of government from exercising a power inherently belonging to another branch. *See id.* at 444; TEX. CONST. art. II, § 1.  The

separation of powers doctrine is violated "only when the functioning of the judicial process in a field constitutionally committed to the control of the courts is interfered with by the executive or legislative branches." *Gen. Servs. Comm'n v. Little-Tex Insulation Co.*, 39 S.W.3d 591, 600 (Tex. 2001); *State Bd. of Ins. v. Betts*, 158 Tex. 83, 308 S.W.2d 846, 851–52 (1958); *see* TEX. CONST. art. II, § 1. In the context of standing, the separation of powers article prohibits courts from issuing advisory opinions, an opinion that decides an abstract question of law without binding the parties. *Tex. Ass'n of Bus.*, 852 S.W.2d at 444; *Alford v. Thornburg*, 113 S.W.3d 575, 583 (Tex. App.—Texarkana 2003, no pet.).

The test for constitutional standing in Texas "requires that there '(a) shall be a real controversy between the parties, which (b) will be actually determined by the judicial declaration sought.'" *Tex. Ass'n of Bus.*, 852 S.W.2d at 446 (quoting *Bd. of Water Eng'rs v. City of San Antonio*, 155 Tex. 111, 283 S.W.2d 722, 724 (1955)). Standing requires the claimant to demonstrate a particularized injury distinct from that suffered by the general public—there must be an actual grievance, not a hypothetical or generalized grievance. *Glover v. Union Pac. R.R.*, 187 S.W.3d 201, 209 (Tex. App.—Texarkana 2006, pet. denied); *see Brown v. Todd*, 53 S.W.3d 297, 302 (Tex. 2001); *see also In re H.C.S.*, 219 S.W.3d 33, 34 (Tex. App.—San Antonio 2006, no pet.).

In addition to constitutional limitations on standing, standing can be limited by statutory or common law authority. *See Everett v. TK-Taito, L.L.C.*, 178 S.W.3d 844, 850 (Tex. App.—Fort Worth 2005, no pet.). Section 102.004 of the Texas Family Code is an example of additional

6

limitations on standing imposed by statute. Section 102.004 is more restrictive than the constitutional requirement of a justiciable interest. The Section limits standing to relatives of the child related within the third degree by consanguinity. TEX. FAM. CODE ANN. § 102.004(a). While *Texas Association of Business* prohibits the constitutional limitations from being waived by consent, the opinion is silent concerning whether consent can form a basis of statutory limitations which are more restrictive than the constitutional limitations. We disagree that there is a conflict between the statutory requirements of Section 102.004 and the constitutional limitations on standing. Clearly, a relative of a child has a particularized injury distinct from the general public. Section 102.004 contains statutory limitations on standing more restrictive than the constitutional limitations. The consent permitted by Section 102.004 merely waives the statutory limitations, not the constitutional limitations. Therefore, an interpretation of Section 102.004 permitting consent to the suit to be provided after the filing of the suit does not violate the prohibition of waiver contained in *Texas Association of Business v. Texas Air Control Board.*

We disagree with Thompson and Singletary that Section 102.004(a)(2) of the Texas Family Code should be interpreted to prohibit consent after the filing of the suit. Section 102.004 does not specify when the consent must be given or whether the consent must be in writing. It is not our role to rewrite the statute. We conclude the Texas Legislature, by failing to limit the form and nature of consent, did not intend to limit consent to any particular type. Oral consent, given by the proper

7

party and established in the record, is sufficient to grant standing under Section 102.004 even if consent is given after the filing of the petition.

**II.     Darlene Lowe Had Standing Under Section 102.004(a)(2)**

The record contains sufficient evidence to support the finding that Darlene had standing to file the petition.  It is uncontested that Darlene was related within three degrees of consanguinity. Darlene Lowe testified at the hearing that she is the sister of Singletary and therefore within the required three degrees of consanguinity.  *See* TEX. GOV'T CODE ANN. §§ 573.022, 573.023 (Vernon 2004).  At the hearing on the agreed order, both Thompson and Singletary expressly represented that they agreed to the order.  Consent to entering the order necessarily included consent to filing of the suit.  The trial court did not err in concluding Darlene had standing.

**III.     Larry Lowe Lacked Standing to File the Petition**

Thompson and Singletary also argue Larry lacked standing to file the petition.  Unlike Darlene, Larry was not related within three degrees of consanguinity.  The Texas Government Code provides, "[t]wo individuals are related to each other by consanguinity if:  (1) one is a descendant of the other; or (2) they share a common ancestor."  TEX. GOV'T CODE ANN. § 573.022(a).  Darlene testified she is married to Larry.  There is no evidence the child is a descendant of Larry or that Larry shares a common ancestor with the child.

Larry argues he qualifies under Section 102.004(a)(2) because he is related to the child within three degrees of affinity.  Two persons are related to each other by affinity if "(1) they are married

8

to each other; or (2) the spouse of one of the individuals is related by consanguinity to the other individual." TEX. GOV'T CODE ANN. § 573.024 (Vernon 2004). Section 102.004, though, requires the relationship to be within three degrees of consanguinity, not three degrees of affinity. TEX. FAM. CODE ANN. § 102.004(a). While often used together, consanguinity and affinity are distinct concepts with different definitions. We must presume the Texas Legislature was familiar with the definitions and chose to permit petitions filed by individuals related within three degrees of consanguinity, but not within three degrees of affinity. *See Acker v. Tex. Water Comm'n*, 790 S.W.2d 299, 301 (Tex. 1990) ("A statute is presumed to have been enacted by the legislature with complete knowledge of the existing law and with reference to it."); *cf. In re Derzapf*, 219 S.W.3d 327, 328 (Tex. 2007) (step-grandfather, who was neither a biological nor an adoptive grandparent, lacked standing to seek access to step-grandchildren). Since there is no evidence that Larry was related to the child within three degrees of consanguinity, he lacked standing under Section 102.004.

In the alternative, Larry argues any error in standing was waived by the agreed judgment. Texas law is well established that a party cannot appeal, except jurisdictional errors, from a judgment to which he or she has consented or agreed "absent an allegation and proof of fraud, collusion, or misrepresentation." *Baw v. Baw*, 949 S.W.2d 764, 766 (Tex. App.—Dallas 1997, no writ); *see Boufaissal v. Boufaissal*, 251 S.W.3d 160, 161 (Tex. App.—Dallas 2008, no pet.). "A party's consent to the trial court's entry of judgment waives any error, except for jurisdictional error, contained in the judgment, and that party has nothing to properly present for appellate review." *Baw*,

949 S.W.2d at 766. While most errors are waived by a consent judgment, jurisdictional errors are not. Larry lacked standing to file suit under the statutory jurisdiction limitations imposed by the Texas Legislature. When the petitioners in a SAPCR suit lack standing, an agreed order is void. *In re Smith*, 262 S.W.3d 463, 467 (Tex. App.—Beaumont 2008, no pet.). Thompson and Singletary could not waive Larry's lack of standing. Because Larry lacked standing to file the petition,[5] the trial court's order—as it pertains to Larry—is void.

## IV.    Conclusion

We conclude Section 102.004(a)(2) does not require the consent to be made prior to the suit. While it is true that a party cannot waive constitutional standing, the consent requirement of Section 102.004(a)(2) only waives statutory limitations on standing. The evidence is sufficient to support the trial court's finding that Darlene had standing. The evidence, however, is insufficient to support the conclusion that Larry had standing. Because Larry lacked standing to file the petition, we modify

---

[5]We note, if he had substantial past contact with the child, Larry might have had standing to intervene once a petition had been filed by a person with standing. *See* TEX. FAM. CODE ANN. § 102.004(b). Larry does not argue he intervened as a person with substantial past contact with the child and the parties have not directed us to where in the record there is evidence of substantial past contact. Our conclusion that Larry lacked standing to file this particular petition should not be interpreted to mean that Larry will lack standing to file a petition in a future SAPCR suit concerning A.M.S.

10

the trial court's order to remove the appointment of Larry as a joint managing conservator. As a result of the modification, Darlene is now the sole managing conservator of A.M.S. We affirm the order as modified.


Jack Carter
Justice

Date Submitted:      December 1, 2008
Date Decided:        January 14, 2009