Opinion filed March 3,
2011

 

 

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00040-CV

                                                    __________

 

                           IN THE INTEREST OF C.A.H., A CHILD



 

                                   On
Appeal from the 106th District Court

 

                                                            Gaines
County, Texas

 

                                                Trial
Court Cause No. 05-01-14883

 



 

                                            M
E M O R A N D U M   O P I N I O N

            Watasha
Houston appeals from the trial court’s order modifying the parent-child
relationship between her and her son, C.A.H.  We reverse and render in part,
and we reverse and remand in part.

Background
Facts

            C.A.H.
is six years old.  Houston and Cedric Johnson are the parents of C.A.H.  In an
order dated December 20, 2004, Houston was granted the right to designate
C.A.H.’s primary residence.  On April 8, 2008, Johnson filed a petition to
modify the parent-child relationship.  In part, Johnson sought to be appointed
as the managing conservator of C.A.H. with the right to designate C.A.H.’s
primary residence.  Following a hearing, the trial court entered temporary
orders denying Johnson’s request for the exclusive right to designate C.A.H.’s
residence.  

            On
May 5, 2008, Johnson filed a motion to modify the trial court’s temporary
orders.  He sought to be appointed as C.A.H.’s temporary managing conservator
with the right to determine C.A.H.’s temporary residence.  The trial court
scheduled this motion for hearing on August 14, 2008.  Houston’s counsel
withdrew the day before the hearing, and Houston represented herself at the
hearing.  Johnson called his sister, Sheila D. Mitchell, and Sheila’s husband, Willie
Ray (Ray-Ray) Mitchell, as witnesses at the hearing.  Sheila and Ray-Ray are
C.A.H.’s aunt and uncle.  After the evidence was concluded, the trial court found
that grounds existed “to nullify” the temporary orders that had allowed Houston
to remain as the managing conservator with the right to designate C.A.H.’s
residence.  The trial court stated, “Gosh, I wish he was your kid, Ray-Ray and
Sheila.  Because, quite frankly, Mr. Johnson, I don’t think you’ve been a very
good provider either.”  The trial court also stated, “I’m going to go out on a
limb here” and then stated that it would be naming Houston and Johnson as parent
temporary joint managing conservators and the Mitchells as nonparent temporary joint
managing conservators and that the Mitchells would have the right to designate
C.A.H.’s residence.  On September 3, 2008, the trial court entered temporary
orders to that effect.

            On January
7, 2009, Houston filed a petition to modify the temporary orders.  She sought
to be appointed as C.A.H.’s sole managing conservator.  Johnson’s counsel appeared
as counsel of record for the Mitchells.  Although the Mitchells had not filed a
petition in intervention in the case, the trial court referred to them as
intervenors in the record.  On May 14, 2009, the trial court heard Houston’s
motion to modify the temporary orders, and on May 15, 2009, the trial court
entered an order denying the motion.

            On
October 1, 2009, the trial court held the final hearing on Johnson’s petition
to modify parent-child relationship.  Houston was represented by new counsel at
the hearing.  The Mitchells had not filed a petition in intervention, but the
trial court referred to them as intervenors at the hearing.  After the evidence
was concluded, the trial court stated that “there ha[d] been some improvement,
certainly significant improvement, made in [Houston’s] life.”  However, the
trial court concluded that it was in C.A.H.’s best interest for Houston and
Johnson to be named parent joint managing conservators and for the Mitchells to
be named nonparent joint managing conservators with the right to designate
C.A.H.’s primary residence.  On November 12, 2009, the trial court entered its
final order.  In the order, the trial court appointed Houston and Johnson as
parent joint managing conservators and the Mitchells as nonparent joint
managing conservators, and the trial court gave the Mitchells the exclusive
right to designate C.A.H.’s primary residence.  It is from this order that
Houston appeals.  Johnson and the Mitchells are appellees in this cause.                   

Issues
on Appeal

            Houston
presents two issues for review.  In her first issue, she contends that the
trial court abused its discretion in appointing the Mitchells as nonparent
joint managing conservators of C.A.H. because they were never proper parties to
the suit.  In her second issue, she contends that the trial court abused its
discretion in appointing the Mitchells as nonparent joint managing conservators
of C.A.H. because the evidence was legally and factually insufficient to establish
that the Mitchells had standing to intervene in this suit.

Standing

            In both
of her issues, Houston argues that the Mitchells failed to satisfy their burden
of establishing their standing to intervene in this suit.  Standing, which is
implicit in the concept of subject-matter jurisdiction, is a threshold issue in
a custody proceeding.  In re Vogel, 261 S.W.3d 917, 920 (Tex. App.—Houston
[14th Dist.] 2008, orig. proceeding); In re SSJ-J, 153 S.W.3d 132, 134
(Tex. App.—San Antonio 2004, no pet.).  A party seeking conservatorship of a
child must have standing to seek such relief.  In re SSJ-J, 153 S.W.3d
at 134.  In a suit affecting the parent-child relationship, standing is
governed by the Texas Family Code, and the party seeking relief must allege and
establish standing within the parameters of the language used in the statute.  In
re H.G., 267 S.W.3d 120, 124 (Tex. App.—San Antonio 2008, pet. denied). 
Standing cannot be conferred by consent or waiver and may be raised for the
first time on appeal.  In re A.M.S., 277 S.W.3d 92, 95 (Tex. App.—Texarkana
2009, no pet.).  

            This
is a modification suit.  Section 156.002(b) of the Texas Family Code provides
that “[a] person or entity who, at the time of filing, has standing to sue
under Chapter 102 may file a suit for modification in the court with
continuing, exclusive jurisdiction.”  Tex.
Fam. Code Ann. § 156.002(b) (Vernon Supp. 2010).  Section 102.004 governs
standing for grandparents and other persons.  Tex.
Fam. Code Ann. § 102.004 (Vernon 2008).  The Mitchells cite Section
102.004(b) in their brief.  Section 102.004(b) provides, in part, as follows:

[T]he court may
grant a grandparent or other person deemed by the court to have had substantial
past contact with the child leave to intervene in a pending suit filed by a
person authorized to do so under this subchapter if there is satisfactory proof
to the court that appointment of a parent as a sole managing conservator or
both parents as joint managing conservators would significantly impair the
child’s physical health or emotional development.

 

In a family law
case, when a party is statutorily required to establish standing with
“satisfactory proof,” the evidentiary standard is by a preponderance of the
evidence.  In re A.M.S., 277 S.W.3d at 96 n.4.

            Section
102.004(b) applies to suits seeking managing conservatorships as well as those
seeking possessory conservatorships.  Whitworth v. Whitworth, 222 S.W.3d
616, 621 (Tex. App.—Houston [1st Dist.] 2007, no pet.); In re Hidalgo,
938 S.W.2d 492, 496 (Tex. App.—Texarkana 1996, no writ).  A party seeking to establish
standing to intervene under Section 102.004(b) must provide satisfactory proof
to the trial court that appointing one parent as the sole managing conservator
or both parents as joint managing conservators “would significantly impair the
child’s physical health or emotional development.”  Section 102.004(b).  A
nonparent seeking to overcome the presumption that a parent is to be named
managing conservator of the child faces the same burden.  The nonparent must
show that appointing a parent as managing conservator or both parents as
managing conservators “would significantly impair the child’s physical health
or emotional development.” See Tex.
Fam. Code Ann. § 153.131 (Vernon 2008).  To meet this burden, the
nonparent must offer evidence of specific acts or omissions of the parent that
demonstrate that an award of custody to the parent would result in physical or
emotional harm to the child.  Lewelling v. Lewelling, 796 S.W.2d 164, 167
(Tex. 1990); Whitworth, 222 S.W.3d at 623.  There must be evidence to
support the logical inference that some specific, identifiable behavior or
conduct of the parent will probably cause that harm.  Whitworth, 222
S.W.3d at 623.  The link between the parent’s conduct and harm to the child may
not be based on evidence that merely raises a surmise or speculation of
possible harm.  Id.

            In
this case, the Mitchells did not attempt to satisfy the statutory requirements
for intervention.  They did not seek leave to intervene.  They did not file a
petition in intervention.  Thus, they never alleged any facts to support a
claim that they had standing to intervene.  Nor did they present evidence at
the final hearing that appointing Houston as C.A.H.’s sole managing conservator
“would significantly impair [his] physical health or emotional development.”  See
Section 102.004(b).  The Mitchells failed to meet their burden of alleging
and establishing that they met the statutory requirements for standing under
Section 102.004(b) or any other section of the Family Code.  Therefore, the
trial court abused its discretion in appointing them as joint managing
conservators of C.A.H.  Houston’s issues are sustained.

This
Court’s Ruling

            We
reverse the trial court’s order in its entirety, render judgment that the
Mitchells lacked standing when the trial court entered its temporary orders and
final order, and remand this case to the trial court for further proceedings
consistent with this opinion.       

 

                                                                                                

                                                                                                TERRY
McCALL

                                                                                                JUSTICE

          

March 3, 2011

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.