NUMBER 13-09-704-CV

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI - EDINBURG  

                                                                                                                     


 

JOYCE ANN ALLEN,                                                                          Appellant,

 

v.

 

EVANGELINA ALLEN,                                                         
Appellee.

                                                                                                                     
  

 

On appeal from the
206th District Court 

of Hidalgo County,
Texas.

                                                                                                                     


 

MEMORANDUM OPINION

 

Before Justices Garza,
Benavides, and Vela 

Memorandum Opinion by
Justice Vela

 

This is an appeal from an order granting
appellee, Evangelina Allen, a non-parent, joint managing conservatorship of her
two granddaughters.  Joyce Ann Allen, the children’s mother, raises two issues
on appeal.  First, she claims she did not receive notice of the final hearing
when the trial court entered its order granting conservatorship to Evangelina. 
Second, she argues that the trial court erred in refusing to grant her motion
for new trial because Evangelina had no standing to proceed with a petition to
modify the parent-child relationship.  We affirm.

I.  Background

            Evangelina filed a petition to modify
parent-child relationship on April 20, 2009.  She testified at the initial
hearing that Joyce had taken the children to Ohio because Joyce intended to
live with a man she had met on the internet.  The children came back to Texas
for a visit with Evangelina and told Evangelina that they did not want to
return to Ohio.  Joyce was served with the petition on April 25, 2009, and a
waiver was executed by Richard Abrego, the children’s father.  On May 4, 2009,
the trial court held a hearing that resulted in an agreed temporary order. 
That order made Joyce and Evangelina temporary joint managing conservators,
with Evangelina entitled to designate the primary residence of the children.  

            The case was called for a final hearing on
June 17, 2009, and both Joyce and Evangelina appeared.  Joyce was acting pro se
at the time.  The court ordered the parties to mediation and gave notice to the
parties in open court that the final hearing was to be on July 2, 2009.  

            On June 30, 2009, the Attorney General’s
office intervened to attempt to collect child support arrearages from Abrego. 
All parties were served with the pleadings.  This action was heard in
conjunction with the modification.  

            At the final hearing, scheduled for July 2,
2009, the court again rescheduled the final hearing for July 27, 2009.  Both
the modification and the child support case were to be heard together.  Joyce
did not attend the hearing on July 2.  At that hearing, counsel for Evangelina
told the trial court that they were going to continue the mediation the next
week.  The court asked counsel for Evangelina to provide notice of the final
hearing to everyone.   

            At the final hearing on July 27, Abrego was
present, as well as assistant attorney general Linda Perez, Evangelina, and her
attorney.  Joyce was not present.  The trial court asked counsel for Evangelina
and the assistant attorney general if Joyce had been sent notice.  The
assistant attorney general responded, “We sent her notice for today’s hearing,
Judge, at the address that we have for her.”  Evangelina’s counsel stated that
she had also sent notice to Joyce and had spoken with her to confirm.  It is
quite clear from the record that the trial judge had the notice in her hand,
but the notice sent by counsel for Evangelina to Joyce is not before us in this
record.  The court, at that time, asked counsel for Evangelina to make a copy
of the notice so there would be “a paper trail.”  The copy wasn’t formally admitted
into evidence, but counsel informed the court that Joyce had been sent notice
of the hearing and the trial court saw the notice.  After the hearing, the
court entered an order modifying conservatorship, naming Joyce, Evangelina, and
Abrego joint managing conservators, and awarding Evangelina the right to
designate the primary residence of the children.

            Joyce filed a timely motion for new trial,
urging that she had received notice from the attorney general about the hearing
on July 27 with respect to the child support arrearages, but she had
not received notice that the modification of custody proceeding would be heard
on that date.  Both cases were set for the same time.  Joyce testified that she
didn’t attend the hearing on July 27 because she thought it involved only the
back child support owed by Abrego.  She also urged at the new trial hearing
that Evangelina did not have standing under the family code because her
pleading did not urge that the children’s present circumstances would impair
the children’s physical health or emotional development.  See Tex. Fam. Code. Ann. § 102.004(a)(1)
(Vernon 2008).  Rather, Evangelina’s pleadings stated that the children signed
a preference for modification.  At the time of the hearing, the children were
12 and 14 years old.  

The trial court stated, at the hearing
on the motion for new trial, that a copy of the notice to Joyce regarding the
final hearing was tendered by counsel at the final hearing.  The court reviewed
the notice and stated that it was sent to Joyce by regular mail as well as by
email.  The notice itself does not appear as part of the record.  The court
also took judicial notice of the return of service.   

Joyce testified at the motion for new
trial hearing that she had not received notice from Evangelina’s counsel.  She
stated that the email address where the notice was sent was her boyfriend’s,
not hers.  But she conceded that she had received other correspondence from
counsel when it had been sent to that email address.  She also agreed that it
was the email address that she provided to counsel for Evangelina.  The notice
of the attorney general to Joyce is part of the record in this appeal.  After
allowing the parties an opportunity to brief the issues raised in the new trial
motion, the trial court allowed the motion to be overruled by operation of
law.  See Tex. R. Civ. P.
329b(c).

II. Notice

A. Standard of Review

       As the trial court has wide
discretion in denying a motion for new trial, we will not disturb its ruling
absent an abuse of discretion.  See Dir., State Employees Workers' Comp.
Div. v. Evans, 889 S.W.2d 266, 268 (Tex. 1994); Coastal Banc SSB v.
Helle, 48 S.W.3d 796, 800 (Tex. App.–Corpus Christi 2001, pet. denied). 
However, in a case involving a default judgment, a trial court abuses its
discretion by not granting a new trial when all three elements of the test set
forth in Craddock v. Sunshine Bus Lines, Inc. test are met.  See Craddock
v. Sunshine Bus Lines, Inc., 133 S.W.2d 124, 126 (Tex. 1939); Evans,
889 S.W.2d at 268; Bank One, Tex., N.A. v. Moody, 830 S.W.2d 81, 85
(Tex. 1992).  Under Craddock, a trial court should set aside a default
judgment and order a new trial in any case in which:  (1) the failure of the
defendant to answer before judgment was not intentional, or the result of
conscious indifference on his part, but was due to mistake or accident; (2) the
motion for new trial sets up a meritorious defense; and (3) it is filed at a
time when the granting thereof will occasion no delay or otherwise work an
injury to the plaintiff.  Craddock, 133 S.W.2d at 126.  The Craddock principles
apply in post-answer default judgment cases.  Cliff v. Huggins, 724 S.W
2d 778, 778-79 (Tex. 1987); see also Norimex Int’l. Metals, Inc. v. Salinas,
No. 13-09-00074-CV, 2010 WL 1804986 at *2 (Tex. App.–Corpus Christi, May 6,
2010, pet. denied) (mem. op.). 

In a post-answer default judgment, where
the defaulting party has established the absence of intent or conscious
indifference in failing to appear at trial by proof that it was not given
notice of the default judgment hearing, it need not prove a meritorious defense
and absence of delay or undue prejudice.  See Mathis v. Lockwood, 166
S.W.3d 743, 744 (Tex. 2005) (per curiam) (citing Lopez v. Lopez, 757
S.W.2d 721, 723 (Tex. 1988); In re Marriage of Runberg, 159 S.W.3d 194,
200 (Tex. App.–Amarillo 2005, no pet.); In re Marriage of Parker, 20
S.W.3d 812, 817-18 (Tex. App.–Texarkana 2000, no pet.)) (other citations
omitted).  A post-answer default judgment is valid only if the defaulting party
received notice of the trial setting at which judgment was rendered.  In re
$475,001.16, 96 S.W.3d 625, 627 (Tex. App.–Houston [1st Dist.] 2002, no
pet.) (holding that once a defendant has made an appearance in a case, it is
entitled to notice of the trial setting or other dispositive hearing as a
matter of due process); Matsushita Elec. Corp. of Am. v. McAllen Copy Data,
Inc., 815 S.W.2d 850, 853 (Tex. App.–Corpus Christi 1991, writ denied)
(same).  Where the record establishes that a defaulting party had no actual
notice of the default judgment hearing, the default judgment cannot be
sustained.  Helle, 48 S.W.3d at 801.  

B.  Analysis                                   

Specifically, with regard to Craddock’s
first prong, Joyce complains that she did not receive notice of the hearing;
thus, the default was not intentional or a result of conscious indifference. 
The law presumes a trial court will hear a case only after proper notice to the
parties.  Jones v. Tex. Dep’t. of Public Safety, 803 S.W.2d 760, 761
(Tex. App.–Houston [14th Dist.] 1991, no writ).  To rebut this presumption,
Joyce had the burden to affirmatively show lack of notice.  Id. (citing Williams
v. Holley, 653 S.W.2d 639, 641 (Tex. App.–Waco 1983, writ ref'd n.r.e.)).

 

            Joyce does not contend that the notices were
improperly addressed or that postage was not paid by counsel for Evangelina. 
The trial court clearly stated that it had been shown proof that notice was
sent.  It took judicial notice of its entire file.  At the final hearing, the
trial court was aware of Joyce’s absence and suggested creating a paper trail. 

The trial court serves as fact-finder at
a hearing on a motion for a new trial and, accordingly, is the sole judge of
the credibility of a witness.  See Harmon Truck Lines, Inc. v. Steele,
836 S.W.2d 262, 265 (Tex. App.–Texarkana 1992, writ dism'd); Jackson v.
Mares, 802 S.W.2d 48, 51 (Tex. App.–Corpus Christi 1990, writ denied); see
also In re Sadberry, No. 06-01-00098-CV, 2002 WL 771120 at *2 (Tex.
App.–Texarkana Apr. 30, 2002, pet. denied) (mem.  op).  The record contains,
through both the statements made by Evangelina’a attorney and the trial court’s
personal knowledge, evidence that notice was given.  Joyce has failed to
overcome the presumption that she was notified of the trial setting.  We will
not second guess the trial court’s discretion to determine whether Joyce’s
testimony was credible.  

Although Joyce attempted to show that
she had not received notice of the setting, it is clear that the trial court
did not accept her position and was confident that notice had been sent.  See
Hanners v. State Bar of Texas, 860 S.W.2d 903, 908 (Tex. App.–Dallas 1993,
no writ).  Although a slight excuse for failure to appear is sufficient, the
first Craddock requirement is not satisfied if the evidence shows that
the appellant ignored notice of the trial date or avoided notice and failed to
make inquiries.  See Sharpe v. Kilcoyne, 962 S.W.2d 697, 701 (Tex.
App.–Fort Worth 1998, no pet.); O'Connell v. O'Connell, 843 S.W.2d 212,
217-18 (Tex. App.–Texarkana 1992, no writ).

            The trial court saw the notice that was sent
and could have reasonably determined that Joyce ignored the notice.  It is
undisputed that Joyce ignored the notice sent regarding the child support
hearing that was being held at the same time.  Counsel for Evangelina stated
that she had sent notice of the hearing to Joyce and the trial court stated
that it saw the notice counsel sent to Joyce regarding the hearing.  We will
not set aside the trial court’s discretionary ruling on the motion for new
trial. We overrule issue one.  

III. Standing

A.  Background

            Joyce argues by her second issue that
Evangelina had no standing to seek modification of the custody order because
she was not a party to the initial order and she did not file her petition
pursuant to section 156.002 of the Texas Family Code.  See Tex. Fam. Code Ann. § 156.002 (Vernon
Supp. 2010).  A party has standing to modify custody if the party is one
affected by the order or has standing to sue under chapter 102 of the family
code.  A grandparent, or other relative of the child related within the third
degree of consanguinity, may file an original suit requesting managing
conservatorship if:  (1) the order requested is necessary because the child’s
present circumstances would significantly impair the child’s physical health or
emotional development; or (2) both parents, the surviving parent, or the
managing conservator or custodian either filed the petition or consented to the
suit.  Tex. Fam. Code Ann. §
102.004(a)(1)(2) (Vernon 2008).

 

The petition filed by Evangelina urged
that Joyce had a history or pattern of neglect of the children.  The record
reflects that both parents consented to the temporary order appointing
Evangelina joint managing conservator.  

B.  Standard of Review               

Standing is a constitutional
prerequisite to maintaining a suit under Texas law.  Tex. Ass’n of Bus. v.
Tex. Air Control Bd., 852 S.W.2d 440, 444 (Tex. 1993).  We review de novo a
challenge to a party’s standing.  Tex. Dep’t. of Transp. v. City of Sunset
Valley, 146 S.W.3d 637, 646 (Tex. 2004).

C.  Analysis

It is undisputed that Evangelina is the
grandmother.  It is also undisputed that the parties agreed to the temporary
order appointing Evangelina the joint managing conservator.  The evidence at
the final hearing was that Joyce was unstable.  Evangelina testified that Joyce
is addicted to the internet and she “met a lot of men on the internet.”  Prior
to moving to Ohio, Joyce had never met the man that she and the children were
to live with.  The children submitted affidavits, wherein they stated that
while in Ohio, they were living with their mother, her boyfriend, three adult
men, and a five-year-old girl.  The children averred that they were
uncomfortable and afraid living there.  One of the children stated:  “on many
occasions I have wished I could kill myself.”  She further swore:  “I do not
think my mother is able to provide a safe home for us . . .  My mother has no
interest in our education or our safety . . .  She spends hours on the internet
and refuses to have anything to do with us unless we get involved with her on
the internet.”  

There was evidence before the trial
court showing that a modification order was necessary because the present
circumstances would significantly impair the children’s physical or emotional
development.  See Tex. Fam. Code
Ann. § 102.004(a).  Regardless, Evangelina has standing because the
parents agreed to the temporary orders.  Consent to entering temporary orders
necessarily includes consent to the filing of the suit.  See In re A.M.S.,
277 S.W.3d 92, 98 (Tex. App.–Texarkana 2009, no pet.); see also In re C.G.C.
and Z.K.C., No. 12-08-00235-CV, 2010 WL 338062 at *4 (Tex.
App.–Tyler, Jan. 29, 2010, no pet.) (mem. op.).

Because there was sufficient proof
offered that the order was necessary because the present circumstances of the
children would impair their physical or emotional development and because the
parents consented to the suit, Evangelina had standing to file the suit.  See
Tex. Fam. Code Ann. §
102.004(a).  We overrule Joyce’s second issue.

IV.  Conclusion

            Having
overruled all of Joyce’s issues, we affirm the judgment of the trial court.

 

 

 

 

                                                                        ROSE
VELA

                                                                                    Justice

 

Delivered and filed
the 

10th day of March,
2011.