**Opinion issued August 29, 2019**



In The

# Court of Appeals

### For The

# First District of Texas

_____

## NO. 01-19-00621-CV

_____

## IN RE CATHERINE MURRAH MOLLOY, Relator

_____

**Original Proceeding on Petition for Writ of Mandamus**

_____

### MEMORANDUM OPINION

Catherine Murrah Molloy challenges the trial court's denial of her plea to the jurisdiction concerning the standing of paternal grandparents, Stephen A. and Juliana Fletcher.[1] We deny the petition.

---

[1] The underlying case is *In the Matter of the Marriage of Kevin Alan Fletcher and Catherine Murrah Molloy and in the Interest of H.A.F. and C.P.F., Children*, cause number 2018-67151, pending in the 257th District Court of Harris County, Texas, the Honorable Sandra Peak presiding.

Mulloy has not established that the trial court abused its discretion. *See In re Prudential Ins. Co.*, 148 S.W.3d 124, 135 (Tex. 2004) (holding that relator is entitled to mandamus relief if relator demonstrates that trial court abused its discretion and there is no adequate remedy by appeal); *Whitworth v. Whitworth*, 222 S.W.3d 616, 621–22 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (holding that grandparent had standing to intervene because she had standing to file original suit); TEX. FAM. CODE § 102.004(a)(2) (grandparent has standing if both parents consent); *In the Interest of A.M.S.*, 277 S.W.3d 92, 98 (Tex. App.—Texarkana 2009, no pet.) (holding that trial court did not err in concluding grandmother had standing because record contained sufficient evidence that parents expressly agreed to order appointing her as joint managing conservator, which necessarily included consent to grandmother's filing of suit).

Accordingly, the petition is denied. *See* TEX. R. APP. P. 52.8(a). Any pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Kelly, Hightower, and Countiss.

2